## MADING'S DRUG STORES, Inc., et al., v. BLANTON et al.

No. 10203.

Court of Civil Appeals of Texas. Galveston. Dec. 20, 1934.

Rehearing Denied Jan. 17, 1935.

Maurice Epstein, of Houston, for appellants.

Bryan, Suhr, Bering & Bell, Stewart & De Lange, and Albert J. De Lange, all of Houston, for appellees.

GRAVES, Justice.

In this cause the appellants, all retail distributors of ice cream, appeal from a judgment of the trial court refusing them a temporary injunction restraining the appellees, as members of the "Milk Industry Board of Harris County, Texas," organized and existing under title 4, c. 10, art. 165—1, Revised Civil Statutes of Texas 1925, passed by Acts 43d Leg., 2d Called Sess., p. 56, c. 19 (Vernon's Ann. Civ. St. art. 165—1), from enforcing the provision against appellants of a certain ice cream code approved by the appellees acting as such board.

The learned trial court heard evidence and refused the writ sought, after stating conclusions to the effect that the enabling act referred to, by virtue of which alone the milk industry board exists, was valid, that the board had been legally constructed thereunder, and that the ice cream code mentioned had been properly and validly adopted and put in force by it pursuant to its authority so derived.

In the very recent case of the State of Texas, Appellant, v. J. L. Hall, Appellee, 76 S.W. (2d) 880, opinion filed November 5, 1934, this court had occasion to pass upon the validity of this same statute, therein holding the same to be unconstitutional and void, because in contravention of section 56, art. 3, of the Constitution of Texas, providing that the Legislature shall not pass any local or special law regulating labor, trade, mining, and manufacturing, in that by its necessary effect it could only apply to Harris county alone.

Upon a reconsideration of that cause on rehearing, that holding has been adhered to, and, no compelling reason having been herein presented against its soundness, it should be applied in this cause also.

Wherefore the so-called milk industry board was without authority to enforce the provisions it sought to so do upon the appellants. The judgment will be reversed and the cause will be remanded to the trial court, with instructions to grant the writ so sought.

Reversed and remanded, with instructions.